UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE B.,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 23-cv-06529-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Plaintiff Lawrence B. sues Defendants for denial of health plan benefits and equitable relief under the Employee Retirement Income Security Act of 1974 (ERISA). (Dkt. No. 1.)[1] Defendants move to dismiss Plaintiff's second cause of action for breach of fiduciary duty. (Dkt. No. 13.) Having carefully considered the briefing, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Defendants' motion to dismiss with leave to amend. Because Plaintiff fails to allege the MCG clinical guidelines or facts to support the alleged discrepancy between the MCG clinical guidelines and the Plan, Plaintiff fails to state a claim against Defendants for breach of fiduciary duty. But if Plaintiff can allege sufficient facts, the breach of fiduciary duty claim is not duplicative of the benefits claim as a matter of law.

**BACKGROUND**

C.B. is Plaintiff's daughter. (Dkt. No. 1 ¶ 7.) During adolescence, C.B.'s hygiene declined as she began displaying severe psychological problems. (*Id*. ¶ 13.) While on a family vacation in an unfamiliar city, C.B. ran away from her family when prompted to take a shower. (*Id*. ¶ 14.) She was found shoeless, wearing only pajamas, walking along a busy street without

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

sidewalks by a motorist who drove her home. (*Id.*) After this incident, C.B. was admitted to ROWI Teen and Parent Wellness Center (ROWI), a partial hospitalization program, on the recommendation of her psychiatric treatment providers. (*Id.* ¶¶ 15-16.) C.B. suffered suicidal and homicidal ideations at ROWI, so she was admitted to UCLA Hospital on a suicide hold. (*Id.* ¶ 17.) After her stint at UCLA Hospital, C.B. was admitted to Paradigm, a residential treatment center, for about a month. (*Id.* ¶ 18.) C.B. then returned home and resumed treatment at ROWI. (*Id.* ¶ 19.) C.B. deteriorated after her discharge from Paradigm; she was not making progress at ROWI. (*Id.* ¶ 20.) Her providers recommended C.B. undergo a higher level of care for her multiple mental health conditions at a residential treatment facility, and then referred and admitted C.B. to Cascade Academy. (*Id.* ¶¶ 21-22.)

C.B. is a beneficiary of Plaintiff's Otsuka America, Inc. Health and Welfare Plan (the Plan), which offers mental health benefits administered by Anthem Blue Cross Life and Health Insurance Company (Anthem). (Dkt. No. 1 ¶¶ 4-8.) Plaintiff filed claims for mental health benefits under the Plan for C.B.'s treatment at Cascade Academy. (*Id.* ¶ 24.) Defendants denied Plaintiff's claims on the grounds C.B.'s treatment at Cascade Academy was "not a covered benefit." (*Id.* ¶ 25.) Anthem then denied Plaintiff's timely appeals of Defendants' denials of the mental health claims on the grounds C.B.'s treatment at Cascade Academy was not medically necessary. (*Id.* ¶¶ 26-28.) In deciding C.B.'s treatment at Cascade Academy was not medically necessary, Anthem relied on MCG Behavioral Health Guidelines for Residential Behavioral Health Level of Care, Child or Adolescent, ORG: B-902-RES, which Plaintiff alleges do not meet generally accepted, reasonable standards of medical treatment. (*Id.* ¶¶ 28-29.) As a result, Plaintiff was forced to pay out-of-pocket for C.B.'s treatment at Cascade Academy. (*Id.* at 31.)

Plaintiff sues Defendants for recovery of Plan benefits under 29 U.S.C. § 1132(a)(1)(B) and breach of fiduciary duty under § 1132(a)(2), (3). Defendant now moves to dismiss Plaintiff's claim for breach of fiduciary duty pursuant to Federal Rule of Civil Procedure 12(b)(6), and to strike the same claim pursuant to Rule 12(f). (Dkt. No. 13.)

## DISCUSSION

Defendants seek to dismiss Plaintiff's claim for breach of fiduciary duty on the grounds (1)

Plaintiff fails to plausibly allege Defendants breached a fiduciary duty by denying Plaintiff's claims as medically unnecessary according to the MCG clinical guidelines and (2) "Plaintiff impermissibly seeks to redress what is fundamentally the same injury" and remedy as asserted in Plaintiff's first cause of action. (Dkt. No. 13 at 6.)

## I. Failure to State a Claim

Dismissal under Rule 12(b)(6) "may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up). For Plaintiff's challenged claims to survive, the complaint's factual allegations must raise a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). Though the Court must accept the complaint's factual allegations as true, conclusory assertions are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged. *Id*.

Plaintiff's second cause of action alleges Defendants breached their fiduciary duties to Plan beneficiaries by "failing to maintain and use level of care guidelines that are consistent with the Plan definition of 'medical necessity,' and by denying medically necessary claims." (Dkt. No. 1 ¶ 45.) More specifically, Plaintiff alleges Defendants violated the Plan by "relying on improper internal medical necessity criteria"—the MCG clinical guidelines—to determine the medical necessity of Plan beneficiaries' residential mental health treatment. (*Id*. ¶¶ 28, 46, 48.) Defendants move to dismiss Plaintiff's second cause of action on the grounds "Plaintiff fails to plead any fact which would allow this Court to reasonably infer the MCG clinical guidelines fail to align with the Plan's definition of medical necessity." (Dkt. No. 13 at 14.)

Under § 1132(a)(3), a beneficiary may bring a civil action for equitable relief to redress ERISA violations or enforce provisions of an ERISA plan. "To establish an action for equitable relief under ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), the defendant must be an ERISA fiduciary acting in its fiduciary capacity, and must violate ERISA-imposed fiduciary obligations." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004).

In general terms, fiduciary responsibility under ERISA is simply

>stated. The statute provides that fiduciaries shall discharge their duties with respect to a plan "solely in the interest of the participants and beneficiaries," that is, "for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

*Pegram v. Herdrich*, 530 U.S. 211, 223-24 (2000) (cleaned up).

"A fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA." *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406, 1414 (9th Cir. 1988). "To find a breach of fiduciary duty based on a denial of individual benefits, a plaintiff must allege that the denial is part of a 'larger systematic breach of fiduciary obligations.'" *Reynolds v. Fortis Benefits Ins. Co.*, No. C 06-06216 SI, 2007 WL 484782, at *8 (N.D. Cal. Feb. 9, 2007) (citing *Mass. Mutual Life Ins. Co. v. Russell*, 437 U.S. 134, 147 (1985)). "[A]llegations based solely on the mishandling of a plaintiff's *own* claim for benefits are insufficient to state a claim for breach of fiduciary duty." *Akhlaghi v. Cigna Corp.*, No. 19-CV-03754-JST, 2020 WL 6260012, at *5 (N.D. Cal. July 27, 2020) (cleaned up).

Plaintiff alleges, and Defendants do not contest, Defendants are fiduciaries who applied the MCG clinical guidelines to deny mental health benefits under the Plan for lack of medical necessity. (Dkt. No. 1 ¶¶ 28, 44-47.) The complaint thus satisfies the fiduciary element of Plaintiff's equitable claim.

As to the breach element, the complaint lacks sufficient factual matter to permit the inference Defendants categorically evaluate and deny the medical necessity of Plan beneficiaries' mental health claims for residential treatment by applying clinical guidelines that violate the Plan's definition of medical necessity. Under the Plan, medically necessary treatment is that which the claims administrator determines to be "[w]ithin standards of good medical practice within the organized medical community." (Dkt. No. 13-3 at 123, 206.)[2] Plaintiff alleges the MCG clinical guidelines, "as specifically concern claims at the residential treatment level of care, are not consistent with and are more limiting of treatment than 'generally accepted professional

---

[2] Because the complaint refers to and necessarily relies on the Plan, the Plan is central to Plaintiff's claims, and neither party questions the authenticity of the Plan document, the Plan is incorporated by reference into Plaintiff's complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

1  standards to treat' mental health conditions. The [MCG clinical guidelines] are thus not consistent
2  with the Plan's definition of 'medically necessary' treatment." (*Id.* ¶ 48.) But the complaint is
3  devoid of facts to support this conclusory allegation or permit the reasonable inference
4  Defendants' reliance on the MCG clinical guidelines to determine the medical necessity of Plan
5  beneficiaries' mental health benefits violates the Plan. Plaintiff fails to allege any MCG clinical
6  guidelines content or specifically address how the MCG clinical guidelines are inconsistent with
7  and more restrictive of residential treatment for mental health than generally accepted standards of
8  good medical practice. *See Akhlaghi v. Cigna Corp.*, No. 19-CV-03754-JST, 2020 WL 6260012,
9  at *6 (N.D. Cal. July 27, 2020) ("[A] court's primary consideration with this type of allegation is
10 whether the complaint specifically addresses how the guidelines were inconsistent with the
11 plaintiff's ERISA plan."). Because Plaintiff fails to allege any MCG clinical guidelines content or
12 otherwise allege the discrepancy between the MCG clinical guidelines and the Plan, Plaintiff fails
13 to state a claim against Defendants for breach of fiduciary duty. *See Kazda v. Aetna Life Ins. Co.*,
14 No. 19-CV-02512-WHO, 2019 WL 11769104, at *4 (N.D. Cal. Sept. 11, 2019) ("A breach of
15 fiduciary duty by enacting CPB guidelines cannot be determined without comparing language
16 from both the underlying plan and the CPB.").

17 Accordingly, Defendants' motion to dismiss Plaintiff's second cause of action is
18 GRANTED with leave to amend.

## II. Duplicity of Equitable Remedies

Under § 1132(a)(1)(B), a beneficiary may bring a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Under § 1132(a)(3), a beneficiary may also "obtain other appropriate equitable relief" to redress ERISA violations or enforce ERISA provisions. "Because § 1132(a)(3) acts as a safety net, offering appropriate equitable relief for injuries caused by violations [ERISA] does not elsewhere adequately remedy, relief is not available under § 1132(a)(3) where Congress elsewhere provided adequate relief for a beneficiary's injury." *Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1229 (9th Cir. 2020) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512-15 (1996)) (cleaned up). "Thus, a claimant may not bring a claim for denial of

benefits under § 1132(a)(3) when a claim under § 1132(a)(1)(B) will afford adequate relief." *Id*.

However, claimants may simultaneously seek recovery of Plan benefits and equitable remedies under ERISA "so long as there is no double recovery." *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 960-61 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en banc* (Aug. 18, 2016). "At the pleading stage, a plaintiff may assert section (a)(1)(B) and (a)(3) claims in the alternative if they are premised upon different theories of liability and plaintiff seeks alternative remedies." *Bush v. Liberty Life Assurance Co. of Bos.*, 77 F. Supp. 3d 900, 908 (N.D. Cal. 2015). Relief under § 1132(a)(3) is only available for injuries caused by violations ERISA does not elsewhere adequately remedy. *Castillo*, 970 F.3d at 1229. To determine whether an action for equitable relief is properly brought under ERISA, the Court considers the substance of the remedy sought "rather than the label placed on that remedy." *Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517, 1528 n.5 (9th Cir. 1993).

So, Plaintiff may "plead alternate theories of relief without obtaining double recoveries." *Moyle*, 823 F.3d at 961. Indeed, Plaintiff's claims are predicated on distinct theories: the first cause of action for denial of benefits is premised on Defendants' breach of the Plan's definition of medical necessity, and the second cause of action for breach of fiduciary duty is premised on Defendants' wrongful administration and continual use of the MCG clinical guidelines to evaluate medical necessity of mental health claims for residential treatment. Relying exclusively on *Fortier v. Anthem, Inc.*, No. 220CV04952MCSMAA, 2020 WL 13304004 (C.D. Cal. Oct. 26, 2020), Defendants insist Plaintiff's claims are duplicative because they both are premised on Defendants' failure to follow Plan terms. (Dkt. No. 22 at 9.) But in *Fortier*, the plaintiff "d[id] not claim that Anthem breached a fiduciary duty through conduct apart from benefit denial," and instead "challenge[d] the agreed-upon scope of the Plan as written." 2020 WL 13304004, at *4. Here, in contrast, Plaintiff's equitable claim alleges Defendants breached their fiduciary duty to all Plan participants and beneficiaries by determining coverage using clinical guidelines that violate the Plan's terms. So, unlike in *Fortier*, there exists "functional daylight between the [c]omplaint's first and second claims as to Plaintiff's liability theory." *Id*. If Plaintiff is "unable to recover benefits based on an interpretation and enforcement of the [] Plan under § 1132(a)(1)(B),

[Plaintiff] can, however," pursue equitable remedies under § 1132(a)(3). *Moyle*, 823 F.3d at 960.

As to the second cause of action, Plaintiff requests declaratory relief, equitable surcharge, injunctive relief, attorneys' fees and costs, and "such other relief as the Court deems equitable and just." (Dkt. No. 1 ¶¶ 60-68.) Courts have recognized Plaintiff's requested injunctions barring further denial of Plaintiff's benefits and use of the MCG clinical guidelines "as not being duplicative, at least at the pleading stage." *Kazda*, 2019 WL 6716306, at *7; *see Wit v. United Behav. Health*, No. 14-CV-02346-JCS, 2014 WL 6626894, at *10-11 (N.D. Cal. Nov. 20, 2014) ("Here, Plaintiffs ask for an order not only that UBH reprocess the denied claims but also that UBH systematically revise its guidelines and policies. As in *Hill,* the latter remedy may (or may not) exceed the scope of what is available under § 502(a)(1)(B)."). And surcharge is an available equitable remedy under § 1132(a)(3). *Castillo*, 970 F.3d at 1229; *see Moyle*, 823 F.3d at 960 ("[R]emedies such as reformation, surcharge, estoppel, and restitution are traditionally equitable remedies, and the fact that they take a monetary form does not alter this classification."); *see also Amy F. v. California Physicians' Serv.*, No. 19-CV-6078 YGR, 2020 WL 2850282, at *3 (N.D. Cal. June 2, 2020) ("Here, plaintiff prays for 'appropriate equitable relief,' including an order requiring 'each fiduciary found liable for breaching his/her/its duties to disgorge any profits made through the denial of medically necessary claims through the use of inconsistent care guidelines.'").

In any event, "[p]ost-*Moyle*, courts in this district routinely refuse to dismiss Section 1132(a)(3) claims based on duplicity at the motion to dismiss stage." *Akhlaghi v. Cigna Corp.*, No. 19-CV-03754-JST, 2020 WL 6260012, at *7–8 (N.D. Cal. July 27, 2020) (collecting cases); *see, e.g.*, *Dennis v. Cal. Physicians' Serv.*, No. C 18-06708 WHA, 2019 WL 1301757, at *3 (N.D. Cal. March 21, 2019) ("[I]t is exceedingly premature at this stage to engage in a battle over whether or not a specific equitable remedy is appropriate."); *Cromwell v. Kaiser Found. Health Plan*, No. 18-cv-06187-EMC, 2019 WL 1493337, at *3 (N.D. Cal., Apr. 4, 2019) ("Although the Court agrees that duplicative recovery is not permitted, at this early stage in the litigation, [plaintiff] should be allowed to plead alternative theories of liability." (citing *Moyle*, 823 F.3d at 961)); *Josef K. v. California Physicians' Serv.*, No. 18-CV-06385-YGR, 2019 WL 2342245, at

\*10 (N.D. Cal. June 3, 2019) ("Thus, at the pleading stage, the Court is unable to conclude that plaintiffs' request for surcharge relief under section 1132(a)(3) is merely 'superfluous.'"); *Caldwell v. UnitedHealthCare Ins. Co.*, No. C 19-02861 WHA, 2019 WL 4738247, at \*3 (N.D. Cal. Sept. 27, 2019) (denying motion to dismiss Section 1132(a)(3) claim because "[plaintiff] may *plead* alternate theories of relief without *obtaining duplicate recoveries*" (emphasis in original)); *Smith v. I.A.T.S.E. Local 16 Pension Plan*, No.-19-cv-03573-DMR, 2019 WL 6327554, at \*6 (N.D. Cal. Nov. 26, 2019) (rejecting the argument a § 1132(a)(3) claim was duplicative because "alternative pleading for relief is permitted"); *Black v. Greater Bay Bancorp Exec. Supplemental Comp. Benefits Plan*, No. 16-CV-00486-EDL, 2016 WL 11187255, at \*15 (N.D. Cal. July 25, 2016) ("The strength of Defendants' redundancy argument is reduced following *Moyle*. . . . The Court will not dismiss the breach of fiduciary duty as redundant based on this alternative pleading, although Plaintiffs would not be entitled to a 'double recovery' on these claims."); *Bailey v. Anthem Blue Cross Life and Health Ins. Co.*, No. C 16-04439 JSW, 2017 WL 2335363, at \*3 (N.D. Cal., May 23 2017) ("Plaintiff may plead alternative theories of recovery at this procedural junction."); *but see Schuman v. Microchip Tech. Inc.*, 302 F. Supp. 3d 1101, 1118 (N.D. Cal. 2018) (granting motion to dismiss as to three forms of injunctive relief under Section 1132(a)(3) because they were "improperly duplicative" of relief available under Section 1132(a)(1)(B)). In alignment with the reasoning of these decisions, it is premature to determine whether Plaintiff's § 1132(a)(3) claims for relief are duplicative at this stage.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED with leave to amend. Any amended complaint must be filed by May 30, 2024.

This Order disposes of Docket No. 13.

**IT IS SO ORDERED.**

Dated: May 8, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

8